UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHRISTOPHER CARREA, JR.,

        Plaintiff,

  vs.

JEFFERY BEARD, et. al.,

        Defendants.
                                      /

No. C 13-3762 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, an inmate at California Men's Colony, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that he has been improperly classified as a gang member and that the inmate grievance system is ineffective.

The process constitutionally due to an inmate placed in segregation depends on whether the placement is disciplinary or administrative. *Toussaint v. McCarthy*, 801 F.2d 1080, 1099 (9th Cir. 1986), overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995). In *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003), the Ninth Circuit determined that California's policy of placing suspected gang members in segregation is an administrative decision, undertaken to preserve order in the prison. When an inmate is placed in segregation for administrative purposes, due process requires only the following procedures:

> Prison officials must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated. The prison officials must inform the prisoner of the charges against the prisoner or their reasons for

2

considering segregation. Prison officials must allow the prisoner to present his views.... [D]ue process [ ] does not require detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation.

*Toussaint*, 801 F.2d at 1100-01 (footnote omitted).

Prisoners are entitled to the minimal procedural protections of adequate notice and an opportunity to be heard. *Bruce*, 351 F.3d at 1287. In addition to these minimal protections, there must be "some evidence" supporting the decision to place a prisoner in segregated housing. *Id.* (citing *Superintendent v. Hill*, 472 U.S. 445, 454 (1985)). The "some evidence" standard sets a low bar, consistent with the recognition that assignment of inmates within prisons is "essentially a matter of administrative discretion," subject to "minimal legal limitations." *Bruce*, 351 F.3d at 1287 (citing *Toussaint*, 801 F.2d 1080, with respect to the minimal limitations). A single piece of evidence may be sufficient to meet the "some evidence" requirement, if that evidence has "sufficient indicia of reliability." *Id.* at 1288.

In addition, there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *accord Wolff v. McDonnell*, 418 U.S. 539, 565 (1974) (accepting Nebraska system wherein no provision made for administrative review of disciplinary decisions).

Plaintiff provides very little information in his complaint and fails to identify any specific defendants or describe their actions. He states that the entire state prison system has a history of improperly classifying African-Americans as gang members and he himself was improperly classified as a gang member. He provides no details regarding when or where this occurred or the evidence that was used. He also states that the inmate grievance system is ineffective, but provides no specific examples.

As currently presented these claims fail to state a claim for relief. In addition, plaintiff is currently incarcerated at California Men's Colony which lies within the Central District of California and plaintiff references the Sierra Conservation Center prison which lies in the

Eastern District of California. Plaintiff's complaint will be dismissed with leave to amend to provide additional information and indicate where the actions that gave rise to his claims occurred.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **November 22, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 21, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Carrea3762.dwlta.wpd